NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

WALTER COBB, *Appellant.*

No. 1 CA-CR 14-0333
FILED 4-28-2015

Appeal from the Superior Court in Maricopa County
No. CR2013-003493-001
The Honorable Virginia L. Richter, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Joel M. Glynn
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Peter B. Swann joined.

**W I N T H R O P**, Judge:

**¶1**        Walter Cobb ("Appellant") appeals his convictions and sentences for one count of aggravated assault and two counts of assault. Appellant's counsel has filed a brief in accordance with *Smith v. Robbins*, 528 U.S. 259 (2000); *Anders v. California*, 386 U.S. 738 (1967); and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), stating that he has searched the record on appeal and found no arguable question of law that is not frivolous. Appellant's counsel therefore requests that we review the record for fundamental error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999) (stating that this court searches the entire record for reversible error). Although this court allowed Appellant to file a supplemental brief *in propria persona*, he has not done so.

**¶2**        We have appellate jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (West 2015),[1] 13-4031, and 13-4033(A). Finding no reversible error, we affirm.

## I. FACTS AND PROCEDURAL HISTORY[2]

**¶3**        On September 5, 2013, a grand jury issued an indictment, charging Appellant with Count I, aggravated assault (of T.G.), a class six felony; Count II, aggravated assault (of L.M.), a class six felony; Count III, assault (of E.C.), a class two misdemeanor; and Count IV, assault (of G.H.), a class two misdemeanor. *See* A.R.S. §§ 13-1203, -1204. The State also alleged (1) Appellant had committed the offenses while released from

---

[1]    We cite the current version of the applicable statutes because no revisions material to this decision have occurred since the date of the offenses.

[2]    We view the facts in the light most favorable to sustaining the verdict and resolve all reasonable inferences against Appellant. *See State v. Kiper*, 181 Ariz. 62, 64, 887 P.2d 592, 594 (App. 1994).

confinement, and (2) Appellant had six prior felony convictions. Appellant's case proceeded to trial on Counts I, III, and IV only.

¶4　　　　At trial, the State presented the following evidence: On April 9, 2013, Appellant went to the emergency room of the Maricopa County Hospital, where he subsequently tested positive for cocaine, methamphetamine, and ecstasy. He was administered Lorazepam, Ibuprofen, and Tylenol and placed in the observation area of the emergency room.

¶5　　　　G.H. and E.C., who were working as uniformed security guards at the hospital that evening, were summoned to the observation area because another patient had become abusive toward staff. Appellant, who had by that time indicated to a nurse he wanted to leave the hospital, was pacing back and forth by his bed near the security guards and acting extremely agitated.

¶6　　　　At least twice, E.C. or a nurse asked Appellant to sit down on his bed, but Appellant ignored the requests. E.C. again asked Appellant to sit down, extended his hand, pointed at Appellant's bed, and placed his hand on Appellant's back to guide him toward the bed.

¶7　　　　Appellant responded by forcefully shoving E.C. backwards, causing E.C. to lose his balance. While raising his voice and loudly cursing, Appellant also partially ripped out the IV in his arm, causing blood to spurt "all over the place." G.H. came around the bed toward Appellant and advised Appellant to calm down, but Appellant responded by shoving G.H. E.C. grabbed Appellant's right arm, and G.H. grabbed Appellant's left arm, and the security guards sat him on the bed, while imploring him to relax and calm down.

¶8　　　　Because Appellant had previously announced he wanted to leave the hospital and was now bleeding from the IV site, T.G., a registered nurse wearing a hospital uniform, approached to assist him. T.G. identified himself as a nurse and offered to help Appellant properly take out the IV. Appellant responded, "Okay." Appellant then kicked T.G. in the legs several times and resumed flailing and fighting, so the security guards turned him over onto his stomach and handcuffed him. Even after Appellant was turned over on the bed, he continued to flail and kick, and he forcefully kicked T.G. in the face, stomach, and arm, while cursing and screaming at the guards, before T.G. could get the IV site covered.

¶9　　　　The security guards then stood Appellant up by the edge of the bed, radioed dispatch to contact the Phoenix Police Department, and

escorted Appellant outside. Appellant was arrested and transported to the police station.

¶10 Appellant testified that, late in the afternoon of April 9, 2013, his mother had taken him to the emergency room of Maricopa County Hospital after he experienced shallow breathing and a fast heart rate. At the hospital, he speculated he might have been poisoned at a get-together with friends the preceding weekend.

¶11 Appellant further testified that, sometime later, hospital staff informed him of the drugs he had in his system and told him they couldn't do anything to resolve his condition at that time. He therefore initially refused any treatment, but changed his mind after staff members offered to take a few more blood tests. He eventually fell asleep, woke up feeling "weird," and noticed he had an IV and a female was either going to give him something or draw blood. He asked to leave, but for his own good, she would not allow him to do so at that time.

¶12 Appellant remembered standing up and pushing a security guard after the guard came up close to his face, and that security guards then grabbed him and threw him onto the bed or the ground. He claimed he "lost [his] mind," and conceded he might have been flailing and kicking, but claimed it was not intentional. He also claimed not to remember most of what happened, but stated he believed only security personnel, and no nurses, were among the group attending to him.

¶13 Appellant admitted he had cocaine in his system on April 9 because he had used it two or three weeks earlier, but denied ever taking methamphetamine or ecstasy. He also denied consenting to any drugs administered to him by the hospital. He admitted he had five prior felony convictions from four separate occasions and that he was on probation at the time of the incident.

¶14 The jury found Appellant guilty of Counts I, III, and IV as charged, and separately found in the aggravation phase of the trial that Appellant was on probation at the time of the offenses. On the day of sentencing, Appellant admitted and the trial court found he had six prior felony convictions. The court sentenced Appellant to a presumptive term of 3.75 years' imprisonment in the Arizona Department of Corrections ("ADOC") for Count I, with credit for thirty-four days of presentence incarceration, and concurrent terms of thirty days in jail each for Counts III and IV, with credit for thirty days time served. The court also revoked Appellant's probation in Maricopa County Superior Court Cause No.

CR2010-006068-001, and sentenced him to a consecutive term of one year in ADOC, with credit for 365 days of presentence incarceration. Appellant filed a timely notice of appeal.

## II. ANALYSIS

**¶15** We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881; *Clark*, 196 Ariz. at 537, ¶ 30, 2 P.3d at 96. The evidence presented at trial was substantial and supports the verdicts, and the sentences were within the statutory limits. Appellant was represented by counsel at all stages of the proceedings and was given the opportunity to speak at sentencing. The proceedings were conducted in compliance with his constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

**¶16** After filing of this decision, defense counsel's obligations pertaining to Appellant's representation in this appeal have ended. Counsel need do no more than inform Appellant of the status of the appeal and of his future options, unless counsel's review reveals an issue appropriate for petition for review to the Arizona Supreme Court. *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Appellant has thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

## III. CONCLUSION

**¶17** Appellant's convictions and sentences are affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: ama